UNITED STATES v. HOUGENDOBLER.

(District Court, E. D. Pennsylvania. November 9, 1914.)

No. 28.

CRIMINAL LAW (§ 360*)—TRIAL—EVIDENCE.
    In a criminal prosecution, the admission of evidence of transactions prior to the period of limitation, which has a bearing upon what occurred subsequently, is not error, where it has no tendency to show the commission of any offense prior to the one charged.
    [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 801; Dec. Dig. § 360.*]

Criminal prosecution by the United States against Charles D. Hougendobler. On motion by defendant for new trial and in arrest of judgment. Denied.

John H. Hall, Asst. U. S. Atty., and Francis Fisher Kane, U. S. Atty., both of Philadelphia, Pa.

Cleon N. Berntheizel, of Columbia, Pa., and John E. Malone, of Lancaster, Pa., for defendant.

DICKINSON, District Judge. The motion in this case is based upon two grounds. One is that evidence was admitted relating to matters prior to the statute of limitation. The other is that in presenting the evidence for the United States and that for the defendant the two presentations were so separated that the jury lost sight of the bearing of each toward the other, and this worked an injustice to the defendant.

The admissibility of evidence question relates to some transactions which, although transpiring before the three-year period, had a bearing upon what subsequently occurred. There was no charge of any offense having been committed beyond the three-year period, and no evidence to that effect admitted. Besides this, the jury were expressly told that there was no charge of wrongdoing beyond the limitation period, and, further, that if, by anything which had occurred, the jury had received a different impression from the evidence, they were to disregard it entirely and absolutely, and not consider anything in the nature of wrongdoing which they might think had been done before the statutory period. We are not convinced that there was any error

in the admission of the evidence. We feel satisfied that every precaution was taken to make sure that the defendant should not be prejudiced by the evidence being given a broader scope than that for the purpose of which it was admitted. We find, therefore, in this no reason for interfering with this verdict.

With respect to the complaint made of the charge, the thought was in mind to present as sharply as possible the case and the defense so far as it bore upon the fact of whether or not the aggregate sum of the deposits had been used up for postage on third class mail. This was one of the most important questions of fact in the case, and probably its turning point. If the defendant's version of the facts bearing upon this feature were not adequately presented to the jury, it could not be denied that injustice had been done. We have, therefore, carefully read the charge. We find that the testimony of the witness for the United States and the testimony of the defendant as to this fact are presented in succeeding sentences. The jury, therefore, must have had the whole matter in their mind when they disposed of it. If there was any inadequacy in this presentation, it was that all the evidence supporting the transactions was not marshaled and directed to this point. The only part referred to was the testimony of one witness, and the testimony of the defendant was placed in direct and immediate opposition to it. The jury were told that, if this witness for the prosecution was mistaken in his recollection of that fact, the shortage in the accounts would be explained, and it would, of course, follow that this part of the charge would fall, and equally, of course, all the other charges would go with it. The only ground of complaint against this presentation of that fact is one which might come from the United States, for the reason that it left out other evidence on the part of the prosecution which gave support to the testimony opposed to that of the defendant. We do not see that the defendant can complain of this.

The rule for new trial is discharged.